Lin v. Holder

BIA
Sichel, IJ
A095 673 960

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand thirteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

DUNG MIN LIN, AKA RICHARD TRAN,
> *Petitioner,*

> v.                                          12-657
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Zhong Yue Zhang, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Jennifer Paisner
                       Williams, Anthony C. Payne, Senior
                       Litigation Counsel; Carla J. Weaver,
                       Law Clerk, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Dung Min Lin, a native and citizen of the People's Republic of China, seeks review of a February 1, 2012, decision of the BIA affirming the March 18, 2010, decision of Immigration Judge ("IJ") Helen Sichel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Dung Min Lin, a.k.a. Richard Tran*, No. A095 673 960 (B.I.A. Feb. 1, 2012), *aff'g* No. A095 673 960 (Immig. Ct. N.Y. City Mar. 18, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

---

[1] The BIA noted that Lin did not pursue the CAT claim in his appeal to the BIA and, likewise, he has not pursued that claim in his brief to this Court. Accordingly, we deem the CAT claim abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n.1 (2d Cir. 2005).

For asylum applications governed by the REAL ID Act, such as the application in this case, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Here, substantial evidence supports the agency's adverse credibility determination.

In finding Lin not credible, the agency reasonably relied on inconsistent statements in the record regarding how Lin's parents learned of his purported arrest. *See Xiu Xia Lin*, 534 F.3d at 165-66; *see also Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (internal quotation marks and emphasis omitted)). The IJ further reasonably relied, for example,

3

on an inconsistency between Lin's statement at an airport interview that he was arrested for carrying a yellow Falun Gong flag in the street and his testimony that he was arrested for passing out flyers and did not carry a flag. *See Xiu Xia Lin*, 534 F.3d at 166-67; *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 179-81 (2d Cir. 2004) (requiring the agency to assess the reliability of an airport interview and recognizing the reliability of a verbatim transcript).

The agency also did not err in relying on Lin's omission from his asylum application of his assertion that he required medical treatment for a burn caused by government officials while he was in detention. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent."). Although asylum applicants are not required to list every incident or provide every detail in their asylum applications because the application form provides only limited space, *see Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006), the agency was not compelled to credit Lin's explanation that he was unable to provide such details as he attached to his application a three-page statement that included numerous facts irrelevant to his claim of past persecution. *See*

4

*Majidi*, 430 F.3d at 80-81; *see also Xiu Xia Lin*, 534 F.3d at 166-67.

The IJ reasonably concluded that Lin's testimony was further undermined by his admission that he made false statements during his airport interview thereby indicating a willingness to lie to remain in the country. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). Given these false statements, as well as the record inconsistencies, the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 167. Accordingly, the agency did not err in denying asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk